UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SHOJAEDDIN SEAN FERDOWSKI,<br><br>      Debtor. | Case No. 12-00328<br>Chapter 7 |
| FIRST NATIONAL BANK OF OMAHA,<br><br>      Plaintiff,<br><br>vs.<br><br>SHOJAEDDIN SEAN FERDOWSKI,<br><br>      Defendant. | Adv. Pro. No. 12-90054<br><br><br><br><br>Re: Docket No. 1 |

## MEMORANDUM OF DECISION

The plaintiff, First National Bank of Omaha ("First National"), seeks a determination that debts owed by the defendant, Shojaeddin Sean Ferdowski, are not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A). The matter came on for trial on March 4, 2013. Jonathan W.Y. Lai, Esq., appeared on behalf of First National. The defendant appeared pro se. After final argument, I took the matter under advisement.

# FACTS

Mr. Ferdowski owned Ferdowski, Inc., which operated shoe stores named Shoe Fetish, in Kihei and Lahaina on the island of Maui.

In 2006, Mr. Ferdowski opened a VISA credit account (the "Account") with First National, which he used for both personal and business needs.

By the fall of 2011, Mr. Ferdowski was experiencing financial difficulties. Business was down as a result of the economic downturn. The landlords for both of the Shoe Fetish stores claimed that they were owed unpaid rent totaling $435,862.00. In September 2011, Mr. Ferdowski consulted with a bankruptcy attorney and paid a deposit for his bankruptcy filing. He closed the stores in October and November of 2011.[1]

Between November 7 and December 12, 2011, Mr. Ferdowski charged a total of $15,518.97 on the Account (including a $10,000 cash advance). After incurring these charges, Mr. Ferdowski failed to make any payments on the Account.

Mr. Ferdowski filed his chapter 7 bankruptcy petition on February 15, 2012. First National timely commenced this adversary proceeding seeking a

---

[1] These dates come from Mr. Ferdowski's statement of financial affairs. At trial, Mr. Ferdowski testified that he closed the stores before Christmas. His response in the statement of financial affairs is more precise and more credible than his trial testimony.

2

U.S. Bankruptcy Court - Hawaii   #12-90054   Dkt # 26   Filed  04/30/13   Page 2 of 8

determination that the charges made on the Account by Mr. Ferdowski in the amount $15,518.97 are non-dischargeable in bankruptcy under section 523(a) of the Bankruptcy Code.

## DISCUSSION

The court has subject matter jurisdiction over this adversary proceeding. 28 U.S.C. § 1334 (2006). This is a core proceeding in bankruptcy. Id. § 157(b)(2)(I). The bankruptcy court has the authority to enter a final judgment. Venue is proper.

Exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor. Snoke v. Riso (In re Riso), 978 F.2d 1151, 1154 (9th Cir. 1992); see also National Union Fire Insurance Co. of Pittsburgh v. Bonnanzio (In re Bonnanzio), 91 F.3d 296, 300 (2d Cir. 1996); Meyer v. Rigdon, 36 F.3d 1375, 1385 (7th Cir. 1994).

The plaintiff seeking to establish an exception to the discharge bears the burden of proof. Fed. R. Bankr. P. 4005; see also In re Niles, 106 F.3d 1456, 1464-65 (9th Cir. 1997). The plaintiff must meet this burden by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991); Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000).

First National alleges that the debt which Mr. Ferdowski owes in respect of

U.S. Bankruptcy Court - Hawaii   #12-90054   Dkt # 26   Filed 04/30/13   Page 3 of 8

the Account are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). That section provides:

> A discharge under . . . this title does not discharge an individual debtor from any debt -
>
> \* \* \*
>
> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by -
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

11 U.S.C. § 523(a)(2)(A); see also Cohen v. de la Cruz, 523 U.S. 213, 218-22 (1998). To prevail on a claim under § 523(a)(2)(A), a creditor must demonstrate five elements:

(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor;

(2) knowledge of the falsity or deceptiveness of his statement or conduct;

(3) an intent to deceive;

(4) justifiable reliance by the creditor on the debtor's statement or conduct; and

(5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

In re Weinberg, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009); In re Slyman, 234 F.3d at

4

1085; Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi), 104 F.3d 1122, 1125 (9th Cir. 1996).

Debts of more than $600 owed to a single creditor are presumed non-dischargeable when incurred for luxury goods or services within 90 days of the bankruptcy filing. 11 U.S.C. § 523(a)(2)(C). The presumption does not apply in this case. There is no evidence that any of the subject charges were for luxury goods or services.

In the context of credit cards, the Ninth Circuit has adopted a totality of the circumstances approach in determining whether the debtor possessed the requisite fraudulent intent. Citibank (South Dakota), N.A. v. Eashai (In re Eashai), 87 F.3d 1082 (9th Cir. 1996). Applying the elements of fraud to the situation of credit card debt, three essential inquiries must be made: (1) did the card holder fraudulently fail to disclose his intent not to repay the credit card debt, (2) did the card issuer justifiably rely on a representation by the debtor and (3) was the debt sought to be discharged proximately caused by the first two elements. Id. at 1088. In making this determination, the court may refer to twelve non-exclusive factors outlined in Citibank, S.D., N.A. v. Dougherty (In re Dougherty), 84 B.R. 653, 655-57 (B.A.P. 9th Cir. 1988). These factors include:

5

U.S. Bankruptcy Court - Hawaii   #12-90054   Dkt # 26   Filed   04/30/13   Page 5 of 8

(1) the length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debtor made multiple charges on the same day; (8) whether or not the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities.

First National served discovery requests, including a Request for Admissions, on Mr. Ferdowski on December 12, 2012. Mr. Ferdowski did not respond to the Request for Admissions. These matters, therefore, are deemed admitted. See Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). The admissions support First National's allegations that Mr. Ferdowski made a representation regarding his intent to repay the Account, that he knew this representation was false or it was made with reckless disregard for its truthfulness, and that First National justifiably relied upon this representation to its financial detriment. The debt owed by Mr. Ferdowski to First National is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Even assuming the Request for Admissions was not deemed admitted, the

U.S. Bankruptcy Court - Hawaii   #12-90054   Dkt # 26   Filed 04/30/13   Page 6 of 8

Daugherty factors strongly support First National's position.

(1) Mr. Ferdowski filed his bankruptcy case less than three months after he incurred the first of the questioned charges.

(2) Mr. Ferdowski retained and paid a bankruptcy attorney before he incurred any of the charges.

(3) Mr Ferdowski incurred about thirty-four charges in about thirty-four days.

(4) Most of the individual charges are small in amount, but the cash advance of $10,000 was quite large, and the total amount charged was also substantial.

(6) Mr. Ferdowski did not exceed the credit limit on the Accounts.

(7) He made multiple charges on more than one day.

(8), (9) When Mr. Ferdowski made the charges, his employment was ending, because his stores were closing. His prospects for employment were poor. He testified at trial that he still has not found a job at a suitable wage.

(10) As a business owner, Mr. Ferdowski is financially sophisticated.

(11) There is no evidence of a sudden change in his buying habits.

(12) There is no evidence that the charges were for luxury items. Many of the charges appear to be for ordinary items (gasoline, home improvement items, health care, and the like. At least two of the charges are for business purposes (for

U.S. Bankruptcy Court - Hawaii   #12-90054   Dkt # 26   Filed  04/30/13   Page 7 of 8

example, Onex Imports and Italian Shoemakers). There is no convincing evidence of the purposes to which he put the cash advance.

Most important, Mr. Ferdowski knew he was in deep financial trouble when he incurred the charges and he never made any effort to repay them. The circumstantial evidence proves Mr. Ferdowski's intent to defraud First National. The charges made on the Account are therefore not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(A).

## CONCLUSION

First National is entitled to judgment against Mr. Ferdowski determining that the debts owed to First National in the amount $15,518.97 are not dischargeable in bankruptcy. The court will generate a separate judgment.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 04/30/2013